1   Squire Patton Boggs (US) LLP
    Marisol C. Mork (State Bar # 265170)
2   Chassica Soo (State Bar # 287427)
    chassica.soo@squirepb.com
3   555 South Flower Street, 31st Floor
    Los Angeles, California 90071
4   Telephone:    +1 213 624 2500
    Facsimile:    +1 213 623 4581
5
6   Attorneys for Defendants
    ASHLYNN MARKETING GROUP, INC.
7
8                   UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11  | C.B., individually on behalf of herself and on behalf of all other similarly situated, | Case No. **'24 CV 2245 WQHAHG** |
    |---|---|
12  |   |   |
    |   | **NOTICE OF REMOVAL** |
13  | Plaintiffs, |   |
    |   | **[Declaration Of Marisol Mork Concurrently Filed]** |
14  | v. |   |
15  | ASHLYNN MARKETING GROUP, INC., doing business as KRAVE KRATOM, and DOES 1-50, inclusive, |   |
16  |   |   |
17  | Defendants. |   |

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant Ashlynn Marketing Group, Inc. ("Ashlynn Marketing"), hereby removes the above-captioned action from the Superior Court of the State of California for the County of San Diego (where the underlying action bears the case number 24CU019004N) to the United States District Court for the Southern District of California. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1332(d), 1441, and 1453.

## I.  SUMMARY OF COMPLAINT

On October 18, 2024, Plaintiff C.B., individually on behalf of herself and on behalf of all others similarly situated in an alleged putative class, filed the case *C.B. v. Ashlynn Marketing Group, Inc.*, Case Number 24CU019004N, in the Superior Court of the State of California for the County of San Diego, which is within the jurisdiction and venue of the United States District Court for the Southern District of California. A true and correct copy of Plaintiff's Summons and Complaint for Damages ("Complaint") is attached to the Declaration of Marisol C. Mork ("Mork Decl.") as **Exhibit 1**. Attached as **Exhibit 2** to the Mork Declaration is a true and correct copy of all related processes on the state court docket. A true and correct copy of the state court docket in Case No. 24CU019004N is attached as **Exhibit 3** to the Mork Declaration.

In the Complaint, Plaintiff alleges that Ashlynn Marketing uses false and misleading practices to market and sell its kratom products. Compl. ¶ 1. Plaintiff further alleges that Ashlynn Marketing failed to disclose the addictive nature of kratom consumption. *Id.* ¶ 5. Plaintiff asserts claims on behalf of herself and: (1) a putative class of: "[a]ll persons nationwide who, within the applicable statute of limitations period, purchased Krave kratom products (the "Nationwide Class")"; and (2) "[a]ll persons who, within the applicable statute of limitations period, purchased Krave kratom products while in California (the "California Class")." *Id.* ¶ 61.

On the basis of the foregoing and other allegations in the Complaint, Plaintiff asserts causes of action against Ashlynn Marketing for violations of California's Unfair Competition Law ("UCL"), California's False Advertising Law ("FAL"), California's Consumers Legal Remedies Act ("CLRA"), and breach of implied warranty, unjust enrichment, and fraud by omission. *Id.* ¶¶

72-130.  Among other requests for relief, Plaintiff seeks actual damages, consequential damages, punitive damages, and statutory damages, restitution and disgorgement of all profits and unjust enrichment, as well as declaratory and injunctive relief. Compl., Prayer for Relief. Plaintiff also seeks attorneys' fees and costs. *Id.*

Ashlynn Marketing does not concede that any of Plaintiff's allegations constitute a cognizable cause of action under applicable law and expressly reserves its right to challenge the complaint following removal.

## II.    PROCEDURAL REQUIREMENTS ARE SATISFIED

### A.    Notice is Timely

This Notice of Removal is timely.  Plaintiff served the Complaint on Ashlynn Marketing on October 31, 2024. Mork Decl. ¶ 5. Thus, removal is timely under 28 U.S.C. § 1446(b) because this notice of removal is filed on December 2, 2024, which, by operation of Federal Rule 26(a)(1)(c), is within 30 days of service of the Complaint.

### B.    Venue is Proper

Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing San Diego, California, the location where the state court case was pending.

## III.    THE COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). As set forth below, this Court has original jurisdiction over Plaintiff's claims under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  The action is removable to this Court under both 28 U.S.C. § 1441 and § 1453 and Ashlynn Marketing also invokes all other grounds for removal that exist under applicable law.

Under CAFA, federal jurisdiction exists over class actions where (i) minimal diversity exists (*i.e.*, where at least one member of a putative class of plaintiffs is a citizen of a State different from at least one defendant), 28 U.S.C. § 1332(d)(2)(A); (ii) there are at least 100 putative class

members, *id.* § 1332(d)(5)(B); and (iii) there exists an amount in controversy of at least $5 million, exclusive of interests and costs, *see id.* § 1332(d)(6). This action satisfies all of CAFA's requirements.

### A.    This Case Qualifies as a Class Action

This case qualifies as a "class action" under CAFA. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff alleges that the case is a "class action" asserted under section 382 of the California Code of Civil Procedure. Compl. ¶ 61. Actions seeking class treatment under such provision are class actions for purposes of CAFA. *See, e.g. Perea v. Fedex Ground Package Sys., Inc.*, No. 20-cv-00610-DMS, 2020 WL 3989686, at *2 (S.D. Cal. July 15, 2020) ("There is no dispute the present action is a 'class action' within CAFA, as the action contains class actions under California Code of Civil Procedure § 382.").

### B.    There is Minimal Diversity

The minimal diversity requirement is met here. Plaintiff C.B.'s state of citizenship is not entirely clear from the Complaint, which alleges she "resides [in] Victorville, California," Compl. ¶ 56. "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Ashlynn Marketing's place of incorporation is California, and its principal place of business is in Santee, California. Mork Decl. ¶ 6. A corporation is a citizen of both its place of incorporation and its principal place of business.  28 U.S.C. § 1332(c); *see also Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Even if Plaintiff is in fact a citizen of California, given that Plaintiff seeks to represent a class of all nationwide kratom purchasers, there is at least one plaintiff who is citizen of another state and a member of the putative nationwide class, establishing diversity from Ashlynn Marketing. 28 U.S.C. § 1332(d)(2).

### C.    The Amount in Controversy is Satisfied

CAFA's amount in controversy requirement is also met. To determine the amount-in-controversy, "the claims of the individual class members shall be aggregated to determine whether

NOTICE OF REMOVAL

the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). To calculate that amount, the district court must "add[] up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

To satisfy the amount in controversy requirement with a notice of removal, the defendant needs to "include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount" is not required to be included with the notice of removal, but instead is required only "when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

Here, Plaintiff seeks to bring this class on behalf of two classes: "[a]ll persons nationwide who, within the applicable statute of limitations period, purchased Krave kratom products (the "Nationwide Class")"; and (2) "[a]ll persons who, within the applicable statute of limitations period, purchased Krave kratom products while in California (the "California Class")." Compl. ¶ 61. As further alleged in Plaintiff's complaint, "kratom is a $1.3 billion a year industry, with 11 million to 15 million annual users within the United States" and "[s]tudies show that 1 million United States residents use kratom monthly, and that two-thirds of those users use kratom daily." *Id.* ¶ 24. Plaintiff C.B. also alleges that she spends approximately $30 per week on Ashlynn Marketing's kratom products. *Id.* ¶ 56. Based on Plaintiff's allegation that she began purchasing Ashlynn Marketing's products in or around 2021, she has been spending $30 per week for approximately three years, i.e., $4,680. Finally, Plaintiff alleges "that the proposed Classes contain at least thousands of consumers throughout California and the United States." *Id.* ¶ 63. A mere three thousand consumers with Plaintiff's same rate of kratom consumption over three years amounts to more than 14 million in controversy.

The damages alleged in the Complaint include restitution and disgorgement of all profits obtained by Ashlynn Marketing. Taking Plaintiff's allegations that she herself has spent $30 per week for approximately three years in conjunction with: (1) the Complaint's allegations that 11 to

NOTICE OF REMOVAL

15 million users within the United States use kratom; and (2) that Plaintiff seeks to represent a nationwide class and a statewide class, the CAFA's jurisdictional minimum requirement of $5 million is clearly implicated through damages alone. Additionally, Plaintiff seeks an award of attorneys' fees, and California's CLRA statute, Cal. Civil Code section 1780(e), requires that the court award attorneys' fees to a prevailing plaintiff, again implicating the amount in controversy above $5 million. *Fritsch v. Swift Trans. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles [plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy.").

**D.    The Minimum Threshold of Putative Class Members is Satisfied**

Finally, CAFA's numerosity requirement is satisfied. Plaintiff has alleged claims on behalf of a putative California class of kratom product purchasers and a putative nationwide class of kratom product purchasers, and she "is informed and believes the proposed Classes contain at least thousands of consumers throughout California and the United States." Compl. ¶ 63. Thus, the potential number of class members easily exceeds the CAFA threshold of 100 members in the aggregate. 28 U.S.C. § 1332(d)(5).

All requirements of CAFA jurisdiction are satisfied and removal to this Court is proper under existing law.

**IV.    NO CONSENT FROM ANY OTHER DEFENDANT IS NEEDED**

No consent from any other defendant is required for this Notice. The consent of the Doe defendants who have not been named, whose identities are unknown, and who have not been served with the Complaint, is not required. 28 U.S.C. § 1446(b)(2)(A). There are no defendants besides Ashlynn Marketing and the unnamed Doe defendants.

**V.    NOTICE HAS BEEN GIVEN TO ADVERSE PARTY AND THE STATE COURT**

Pursuant to 28 U.S.C. § 1446(d), Ashlynn Marketing served written notice of removal of this case on Plaintiff's counsel by first-class mail and email:

**LYNCH CARPENTER, LLP**
Todd D. Carpenter (SBN 234464)
Scott G. Braden (SBN 305051)

1
2
3
4

James B. Drimmer (SBN 196890)
1234 Camino Del Mar
Del Mar, CA 92014
todd@lcllp.com
scott@lcllp.com
jim@lcllp.com

5
6
7

Pursuant to 28 U.S.C. § 1446(d), Ashlynn Marketing will promptly file a notice of this notice of removal with the Clerk of the Superior Court of the State of California for the County of San Diego and serve it on all parties.

8
9
10

Ashlynn Marketing reserves all rights, including defenses and objections as to venue, personal jurisdiction, and service, and the filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections.

11

**VI.**    **CONCLUSION**

12
13
14
15

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Ashlynn Marketing respectfully prays that the above-captioned action be removed to this United States District Court for the Southern District of California and that this Court assume full jurisdiction as if it had been originally filed here.

16

17    Dated: December 2, 2024                    Squire Patton Boggs (US) LLP

18

19                                        By: */s/ Marisol C. Mork*
20                                                Marisol C. Mork
                                                  Chassica Soo
21                                        Attorneys for Defendants
                                          ASHLYNN MARKETING GROUP, INC.

22
23
24
25
26
27
28